IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BETH TOBAIS and
MARGARET FREIBERG**,

**Plaintiffs,**

v.

**MERCK SHARPE & DOHME CORP.,**

**Defendant.**                                              No. 11-0982-DRH

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge:**

### I. Introduction and Background

Pending before the Court is plaintiffs' motion to remand (Doc. 10). Defendant opposes the motion (Doc. 17). Based on the following, the Court grants the motion.

On October 5, 2011, plaintiffs Beth Tobias and Margaret Freiberg filed suit against Meck Sharpe & Dohm Corporation ("Merck") for injuries (bone fractures) they sustained from using the osteoporosis drug Fosamax in the St. Clair County, Illinois Circuit Court. (Doc. 2-1). Plaintiffs assert strict liability, negligence, breach of warranty, negligent misrepresentation, and fraudulent misrepresentation theories, arising from Fosamax's role in causing plaintiffs' injuries and defendant's liability

for plaintiffs' injuries and damages. On November 4, 2011, Merck removed the case to this Court based on diversity jurisdiction, 28 U.S.C. ¶ 1332 (Doc. 2). Merck alleges that there is diversity because plaintiffs have no connection to each other and have brought their claims together to defeat diversity jurisdiction. In particular, Merck argues that Tobias was fraudulently misjoined in this action to defeat diversity jurisdiction relying on *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996). That same day, defendant filed a motion to sever (Doc. 5) and a motion to stay pending transfer to *In re: Fosomax (Alendronate Sodium Products Liability Litigation (No. II)*, MDL No. 2243 (Doc. 6).

On November 8, 2011, plaintiffs filed a motion to remand and for expedited hearing (Doc. 8). On November 9, 2011, the Court granted plaintiffs' request for expedited hearing on the remand motion and allowed Merck up to and including November 23, 2011 to file its response (Doc. 12). The Court also denied Merck's motion to stay (Doc. 14). On November 23, 2011, Merck filed its response in opposition to remand. As the motion to remand is ripe, the Court turns to address the merits.

## II. Analysis

The removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand. *Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir.1993). Defendants bear the burden to present evidence of federal jurisdiction once the existence of that jurisdiction is fairly cast into doubt. *See In re Brand Name Prescription Drugs Antitrust Litig.,* 123 F.3d 599, 607 (7th Cir.

1997). "A defendant meets this burden by supporting [its] allegations of jurisdiction with 'competent proof,' which in [the Seventh Circuit] requires the defendant to offer evidence which proves 'to a reasonable probability that jurisdiction exists.' " *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427 (7th Cir. 1997) (citations omitted). However, if the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c)

The statute regarding diversity jurisdiction, 28 U.S.C. § 1332, requires complete diversity between the parties plus an amount in controversy which exceeds $75,000, exclusive of interest and costs.[1] Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.,* 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted). Here, the problem is that both plaintiff Tobias and defendant Merck are citizens of New Jersey.

Plaintiffs argue that there is no diversity jurisdiction as the parties are not diverse. Specifically, plaintiff argues that the Court should follow its previous decisions on the issue of fraudulent misjoinder: reject the *Tapscott* decision and remand this case for lack of diversity jurisdiction. Merck argues that the Court should deny the motion to remand because Frieberg, a single plaintiff from Illinois, has combined her individual and factually dissimilar claims with Tobias, a single plaintiff from New Jersey into a single lawsuit raising disputes that have no

---

[1]The parties do not dispute that the amount in controversy.

connection to St. Clair County whatsoever in order to avoid jurisdiction of the federal courts. Merck also argues that plaintiffs have joined their individual and distinct personal injury claims, in contravention of the Rule 20 standard for joinder, for the sole purpose of forum shopping in contravention of the federal rules, thus, plaintiffs are fraudulently misjoined and should not be permitted to avoid federal jurisdiction.

Reviewing the facts of this case and the other decisions on this issue, the Court finds that remand is warranted. *See In re Yasmin*, 779 F.Supp. 846, 847-48. (S.D. Ill. 2011)(09-md-2100-DRH). Like Merck, the defendant manufacturers removed the cases to federal court, alleging "fraudulent misjoinder". *Id*. at 853. The plaintiffs filed a motion to remand. In granting remand, this Court rejected the "fraudulent misjoinder" theory, and declined to expand removal jurisdiction by adopting the theory:

> "[T]he decision to enlarge the scope of federal diversity jurisdiction on removal through the adoption of the fraudulent misjoinder doctrine is one for Congress to make. The Court concludes further that the doctrine is neither simple nor easy to apply. For this reason, it is unlikely to promote consistent results or conservation of the resources of courts and parties. Accordingly, the undersigned District Judge aligns himself with numerous previous decisions by other judges of the Court in declining to recognize the fraudulent misjoinder doctrine."

*Id*. at 857 (citing *Sabo v. Dennis Techs., LLC*, 2007 WL 1958591 (S.D.Ill. July 2, 2007)(Case No. 07-cv-283-DRH)); Accord, *Anderson v. Bayer*, 2010 WL 148633 (S.D.Ill. 2010)(Case No. 09–988–GPM)(Rejecting theory of fraudulent misjoinder as grounds for removal and granting remand in a products liability case brought for injuries suffered from the drug Trasylol); *Aranda v. Walgreen Co.,* 2011 WL

3793648, *2 (S.D. Ill. 2011) (Case No. 11– cv–654–JPG–DGW) (Rejecting theory of fraudulent misjoinder as grounds for removal and granting remand in a products liability case brought for injuries suffered from the drug Accutane); *Bavone v. Eli Lilly & Co.*, 2006 WL 1096280, at *1 (S.D.Ill. 2006)(Case No. 06–cv-153–GPM)(Rejecting theory of fraudulent misjoinder as grounds for removal and granting remand in a products liability case brought for injuries suffered from the drug Zyprexa).  The Court finds no reason to depart from its previous decisions on this issue and declines Merck's suggestion to do so.  As there is not complete diversity between the parties, the Court lacks subject matter jurisdiction and this matter must be remanded.

### III.  Conclusion

Accordingly, the Court **GRANTS** plaintiffs' motion to remand (Doc. 10) and **DENIES as moot** defendant's motion to sever (Doc. 5).  Because the Court lacks subject matter jurisdiction, the Court **REMANDS** this case to the St. Clair County, Illinois Circuit Court.

**IT IS SO ORDERED.**

Signed this 31st day of January, 2011.

David R. Herndon
2012.01.31
11:27:05 -06'00'

**Chief Judge**
**United States District Court**